**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BERNARDO GUTIERREZ-LEON,

Petitioner,

v.

Case No. 2:23-cv-00348-MIS-KRS
Case No. 2:22-cr-00092-MIS-KK-1

UNITED STATES OF AMERICA,

Respondent.

**ORDER TO SHOW CAUSE**[1]

This matter is before the Court *sua sponte*. Petitioner Bernardo Gutierrez-Leon ("Petitioner"), proceeding *pro se*, severed contact with the Clerk. On April 24, 2023, Petitioner filed a Motion to Vacate Federal Sentence Under 28 U.S.C. § 2255 ("Petition"), (CV Doc. 1; CR Doc. 33), while incarcerated at the Federal Correctional Institute Victorville Medium 1, located in Victorville, California. *See* (CV Doc. 1).[2] Thereafter, on November 12, 2024, Petitioner was released from Bureau of Prisons ("BOP") custody, and he has not provided the Clerk with a current address. *See* https://www.bop.gov/inmateloc/ (last visited August 26, 2026). Pursuant to Local Rule 83.6, *pro se* parties have "a continuing duty to notify the Clerk, in writing, of any change in their mailing address[.]" It is incumbent on *pro se* litigants to follow the local procedural rules. *Brandenburg v. Beaman*, 632, F.2d 120, 122 (10th Cir. 1980). Because Petitioner has failed to

1 District Judge Margaret I. Strickland referred this matter to me on August 11, 2026, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. (CV Doc. 11).

2 Unless otherwise noted, all referenced documents are from Petitioner's criminal case, USDC NM CR No. 2:22-cr-00092. Some of the referenced documents, but not all, were also filed in Petitioner's civil case, USDC NM CIV . 2:23-cv-00348. Citations to documents in the underlying criminal case will be "CR Doc. ___," and to documents in the instant civil matter will be "CV Doc. ___."

comply with Local Rule 83.6, he will be required to show cause why this action should not be dismissed.

Further, it appears that the Petition may be moot. "A case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than speculative chance of affecting them in the future." *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012). Although "release from prison does not necessarily moot a habeas petition" because an ex-prisoner may continue to suffer collateral consequences from a conviction, *id.* at 933, Petitioner does not seek relief from any collateral consequences. The relief he does seek—a lower level enhancement to reduce his sentence and, consequently, an earlier release from prison—is obviously unavailable. *See* (Doc. 1 at 4-5). To the extent that the Petition does not assert a presently redressable injury, Petitioner should show cause in writing why this case should not be dismissed as moot. *See Rhodes*, 676 F.3d at 935 (holding a habeas petition moot where the petitioner had been released from prison but sought a reduced sentence).

For these reasons, the Court will require Petitioner to show cause in writing within **fourteen (14) days** of entry of this Order why the Petition should not be dismissed for failure to comply with Local Rule 83.6 and/or because the Petition is moot. If Petitioner concedes the claims are moot or otherwise fails to show cause, the Court will dismiss the Petition without further notice.

**IT IS ORDERED** that within **fourteen (14) days** of entry of this Order, Petitioner shall show cause in writing, if any, why this habeas proceeding should not be dismissed.

**SO ORDERED.**

Kevin Sweazea

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE